IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRICKEY JUAN MANUEL, §
§
    Plaintiff, §
§
vs. § CIVIL ACTION NO. H-19-3457
§
INTERCONTINENTAL TERMINALS CO., §
§
    Defendant. §

**ORDER**

Pending before the court are Plaintiff's Motion for In Forma Pauperis Status (Doc. 13) and Plaintiff's Motion for Appointment of Counsel (Doc. 14).

This is a negligence/chemical exposure suit removed to this court by Defendant. Plaintiff claims $50,000 in damages for shortness of breath and other ailments as a result of his alleged inhalation of chemicals released during a fire at Defendant's chemical plant. There is a consolidated action currently pending in this district court that raises similar claims on behalf of others. See Munoz, et al., v. ITC, et al., H-19-1460.

There is no automatic right to the appointment of counsel in a civil case. In determining whether to appoint counsel, the court may consider the merits of the plaintiff's claims, the efforts taken by the plaintiff to obtain counsel and the plaintiff's financial ability to retain counsel. Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990). The court may also take into account whether the plaintiff is capable of adequately presenting his case.

<u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982).  The court is not required to appoint counsel unless the case presents exceptional circumstances.  <u>Branch</u>, 686 F.2d at 266.

Based solely on the pleadings, the court cannot make an informed judgment on the merits of Plaintiff's claims.  Because there is a case consolidating similar claims, Plaintiff may be able to join that cause of action by contacting the lawyers representing the plaintiffs in that suit.

While the court understands that this action is very important to Plaintiff, it finds that this case is not an exceptional one warranting the appointment of counsel.  Plaintiff has demonstrated that he is fully capable of presenting his case in written pleadings.  Plaintiff's Motion for Appointment of Counsel (Doc. 14) is **DENIED**.

Plaintiff also has filed a Motion for Leave to Proceed In Forma Pauperis.  As this case was removed to this court, the filing fee was paid by Defendant.

However, as Plaintiff well knows, he is barred from filing actions in forma pauperis because he has filed at least three other civil actions in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted.  <u>See</u> <u>Brickey v. Clark</u>, Civil Action No. H-18-221 (S.D. Tex. January 30, 2018) (collecting cases).

As Plaintiff has three strikes against him, he may not proceed

as a pauper unless he fits within the statutory exception found in 28 U.S.C. § 1915(g). That exception would permit Plaintiff to file a suit as a pauper if he can demonstrate that he is in imminent fear of serious physical injury. Here, Plaintiff's suit fails to fall within the Section 1915(g) exception.

Plaintiff's Motion for Leave to File In Forma Pauperis (Doc. 13) is **DENIED**.

**SIGNED** this 25<u>th</u> day of October, 2019.


_____
Nancy K. Johnson
United States Magistrate Judge